OPINION
{¶ 1} This appeal is from the August 1, 2005 judgment entry of the Common Pleas Court of Hancock County, Ohio, overruling the appellant's petition for post conviction relief.
 {¶ 2} On August 17, 2005, Danny Caudill ("Caudill") filed a notice of appeal and set forth in his brief the following four assignments of error:
 Assignment of Error 1 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN HOLDINGTHAT THE APPELLANT DID NOT MEET THE REQUIREMENTS OF OHIO REVISEDCODE §§ 2953.21(A) 2953.23(A)(1)(a)(b) IN VIOLATION OFAPPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW ASGUARANTEED UNDER ARTICLE I, SECTION 16, OHIO CONSTITUTION AND THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 Assignment of Error 2 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTEDPREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TOPROCEDURAL DUE PROCESS OF LAW UNDER ARTICLE I, SECTION 16, OHIOCONSTITUTION AS WELL AS THE FOURTEENTH AMENDMENT,U.S. CONSTITUTION WHERE THE COURT GRANTED THE APPELLEE'S MOTION TODISMISS AND AWARDED HIM SUMMARY JUDGMENT.
 Assignment of Error 3 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT GRANTINGAPPELLANT RELIEF AFTER AN EVIDENTIARY HEARING WHERE APPELLANTPRESENTED A COLORABLE CLAIM OF INEFFECTIVE ASSISTANCE OF TRIALCOUNSEL WHERE SUCH COUNSEL ALLOWED THE SENTENCING COURT TOSENTENCE APPELLANT ON FACTS NOT FOUND BY JURY, ADMITTED BYDEFENDANT OR PROVEN BEYOND A REASONABLE DOUBT IN VIOLATION OF HIS6TH AMENDMENT RIGHT TO TRIAL BY JURY AND HIS 14TH AMENDMENT RIGHTTO SUBSTANTIVE DUE PROCESS OF LAW.
 Assignment of Error 4 DEFENDANT-APPELLANT'S JUDGMENT OF SENTENCE IS VOID AB INITOBECAUSE OF NOTICE AND THE OPPORTUNITY TO BE HEARD.
 {¶ 3} The procedural history of this case is as follows. On October 8, 1997, Caudill was sentenced on two counts of possession of drugs, two counts of engaging in a pattern of corrupt activity, and two counts of funding drug or marijuana trafficking. Caudill was sentenced to an aggregate term of thirty-one years. He timely appealed that judgment to this Court, which affirmed the judgment in part and reversed in part for having sentenced Caudill under the sentencing guidelines in effect for offenses committed prior to July 1, 1996, on one of the counts for engaging in a pattern of corrupt activity. SeeState v. Caudill (Dec. 2, 1998), Hancock App. No. 05-97-35, unreported, 1998 WL 833729. Thus, the case was remanded to the trial court for re-sentencing. Thereafter, the State of Ohio moved to dismiss the count upon which the case was reversed and remanded. Accordingly, the trial court dismissed that count with prejudice on May 26, 1999.
 {¶ 4} On June 15, 2001, Caudill filed a petition for post conviction relief. He asserted that his constitutional rights to a speedy trial were violated. In addition, he argued that the State failed to establish an essential element of the charged offense of conspiracy. Further, he alleged that the evidence did not demonstrate the commission of a crime in Ohio. Finally, Caudill asserted that the State withheld evidence that would demonstrate that he had not entered into any criminal agreement with others. On October 17, 2001, the trial court overruled Caudill's petition for post conviction relief and his motion for summary judgment. On November 6, 2001, Caudill filed a notice of appeal to this Court. This Court affirmed the judgment of the Common Pleas Court of Hancock County. State v. Caudill (May 3, 2002), 3rd Dist. No. 5-01-44, 2002-Ohio-2183.
 {¶ 5} On June 16, 2005, Caudill filed a second petition for post conviction relief. He asserted that according to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403
and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed. 435 his sentence was unconstitutional. The State filed its response claiming the motion was time barred by R.C.2953.21 and R.C. 2953.23. The State also asserted that even if the trial court allowed Caudill's motion to pass on timeliness, his intentions were meritless because the Third District Court of Appeals had already decided that Blakely is not applicable to Ohio's statutory scheme in State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552.
 {¶ 6} On August 1, 2005, the trial court denied Caudill's second petition for post conviction relief finding that it was not timely filed pursuant to the statutory time frame as established by the legislature in R.C. 2953.21. R.C. 2953.21
provides:
(A)(1)(a) Any person who has been convicted of a criminaloffense * * * who claims that there was such a denial orinfringement of the person's rights as to render the judgmentvoid or voidable under the Ohio Constitution or the Constitutionof the United States, * * * may file a petition in the court thatimposed sentence, stating the grounds for relief relied upon, andasking the court to vacate or set aside the judgment or sentenceor to grant other appropriate relief.
* * *
(A)(2) * * * [A] petition under division (A)(1) of thissection shall be filed no later than one hundred eighty daysafter the date on which the trial transcript is filed in thecourt of appeals in the direct appeal of the judgment ofconviction or adjudication * * *. If no appeal is taken, exceptas otherwise provided in section 2953.23 of the Revised Code, thepetition shall be filed no later than one hundred eighty daysafter the expiration of the time for filing the appeal.
 {¶ 7} Also, R.C. 2953.23 provides:
(A) * * * [A] court may not entertain a petition filed afterthe expiration of the period prescribed in division [2953.21](A)of that section or a second petition or successive petitions forsimilar relief on behalf of a petitioner unless * * *
(1) Both of the following apply:
 (a) * * * [T]he United States Supreme Court recognized a newfederal or state right that applies retroactively to persons inthe petitioner's situation, and the petition asserts a claimbased on that right.
 (b) The petitioner shows by clear and convincing evidencethat, but for constitutional error at trial, no reasonablefactfinder would have found the petitioner guilty of the offenseof which the petitioner was convicted * * *.
 {¶ 8} Upon review of the trial court's judgment entry in this case, we agree with the trial court's analysis that Caudill's second petition for post conviction relief was not timely filed pursuant to R.C. 2953.21 nor did Caudill meet his burden of proof pursuant to the statutory requirements of R.C. 2953.23 on a pleading filed after the expiration of the period provided by 2953.21.[1]
 {¶ 9} Furthermore, the trial court noted that Caudill's arguments rely upon the holding in Blakely for the proposition that his sentence was unconstitutional. The trial court further stated correctly that these same issues have already been ruled on in Trubee by this Court stating that the United States Supreme Court decision in Blakely does not apply to Ohio's sentencing statute. Trubee, 2005-Ohio-552, at ¶ 16-38. Therefore, we agree with the trial court's decision to overrule Caudill's second petition for post conviction relief.
 {¶ 10} For the reasons discussed above, all four assignments of error are overruled, and the judgment of the Common Pleas of Hancock County, Ohio is affirmed.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.
[1] The trial court stated in the August 1, 2005 Judgment Entry that "these matters needed to be filed within 180 days after the expiration of the time for filing an appeal from this Court's judgment entry and sentencing order." However, as noted above, where a direct appeal was filed as it was in this case, the 180 days commences from the date on which the transcript was filed in the court of appeals in the direct appeal of the judgment of conviction. Nevertheless, it is not outcome determinative because under either requirement the 180 days has expired significantly between the time of his direct appeal in 1998 and his current post conviction petition in 2005.