OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} This appeal is from the July 11, 2006 judgment entry of the Common Pleas Court of Hancock County, Ohio, overruling the appellant's petition for post-conviction relief.
 {¶ 3} On July 24, 2006, Danny Caudill ("Caudill") filed a notice of appeal and set forth in his brief the following five assignments of error:
 Assignment of Error I The trial court erred by failing to recognize the appellant's motion as being controlled by the Ohio Supreme Court's ruling(s) in Foster, supra.
 Assignment of Error II The trial court erred by determining that "* * * the defendant-petitioner's case was not on direct appeal and, as such, is not effected by the Foster ruling."
 Assignment of Error III The trial court made unconstitutional findings when sentencing the appellant in violation of his Sixth Amendment rights, to impose non-minimum, consecutive, and major drug offender enhancements.
 Assignment of Error IV The trial court erred by denying the appellant's motion without any hearing.
 Assignment of Error V The trial court erred by denying the appellant's motion.
 {¶ 4} The procedural history of this case is as follows. On October 8, 1997, Caudill was sentenced on two counts of possession of drags, two counts of engaging in a pattern of corrupt activity, and two counts of funding drag or marijuana trafficking. Caudill was sentenced to an aggregate term of thirty-one years. He timely appealed that judgment to this Court, which affirmed the judgment in part and reversed in part for having sentenced Caudill under the sentencing guidelines in effect for offenses committed prior to July 1, 1996, on one of the counts for engaging in a pattern of corrupt activity. See State v. Caudill (Dec. 2, 1998), Hancock App. No. 05-97-35. Thus, the case was remanded to the trial court for re-sentencing. Thereafter, the State of Ohio moved to dismiss the count upon which the case was reversed and remanded. Accordingly, the trial court dismissed that count with prejudice on May 26, 1999.
 {¶ 5} On June 15, 2001, Caudill filed a petition for post-conviction relief. He asserted that his constitutional rights to a speedy trial were violated. In addition, he argued that the State failed to establish an essential element of the charged offense of conspiracy. Further, he alleged that the evidence did not demonstrate the commission of a crime in Ohio. Finally, Caudill asserted that the State withheld evidence that would demonstrate that he had not entered into any criminal agreement with others. On October 17, 2001, the trial court overruled Caudill's petition for post-conviction relief and his motion for summary judgment. On November 6, 2001, Caudill filed a notice of appeal to this Court. This Court affirmed the judgment of the Common Pleas Court of Hancock County. State v. Caudill (May 3, 2002), 3rd Dist. No. 5-01-44, 2002-Ohio-2183.
 {¶ 6} On June 16, 2005, Caudill filed a second petition for post-conviction relief. He asserted that according to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed. 435 his sentence was unconstitutional. The State filed its response claiming the motion was time barred by R.C. 2953.21 and R.C. 2953.23. The State also asserted that even if the trial court allowed Caudill's motion to pass on timeliness, his assertions were meritless because the Third District Court of Appeals had already decided thatBlakely is not applicable to Ohio's statutory scheme in State v.Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552.
 {¶ 7} On August 1, 2005, the trial court denied Caudill's second petition for post-conviction relief finding that it was not timely filed pursuant to the statutory time frame as established by the legislature in R.C. 2953.21. This Court affirmed the judgment of the Common Pleas Court of Hancock County. State v. Caudill (Dec. 27, 2005), 3rd Dist. No. 5-05-27, 2005-Ohio-6867.
 {¶ 8} On June 6, 2006, Caudill filed a third petition for post-conviction relief. He alleged that according to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio 856, his sentence should be rendered void. On July 11, 2006, the trial court denied his third petition for post-conviction relief finding that his case was not on direct appeal and was not affected by the Foster ruling. In addition, the trial court held that it had previously ruled on prior petitions to vacate sentence or for post-conviction relief pursuant to R.C. 2953.21 and 2953.23.
 {¶ 9} Upon review of the trial court's judgment entry in this case, we agree with the trial court's analysis that Caudill's third petition for post-conviction relief was not timely filed pursuant to R.C. 2953.21 nor did he meet his burden of proof pursuant to the statutory requirements of R.C. 2953.23 on a pleading filed after the expiration of the period provided by R.C. 2953.21.
 {¶ 10} Pursuant to R.C. 2953.21(A)(2),
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 11} In this case, Caudill was convicted and sentenced by the trial court on October 8, 1997. The record reflects that Caudill filed a notice of appeal of his conviction and sentence which was affirmed in part and reversed in part and the case was remanded to the trial court for re-sentencing on December 2, 1998. Pursuant to R.C. 2953.21, Caudill had to file a petition for post-conviction relief within 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal of the judgment of conviction or adjudication. However, Caudill did not file his third petition for post-conviction relief until June 6, 2006 which is more than six years after the statutory date to file such an action. Accordingly, the trial court lacked jurisdiction to consider Caudill's petition because it was untimely. R.C. 2953.21(A)(2); see State v. Cochran, 3r Dist. No. 02-06-07, 2006-Ohio 5638; State v. Sanders, 9th Dist. No. 22457,2005-Ohio-4267, at ¶ 10. Furthermore, the Ohio Supreme Court held inState ex rel Kimbrough v. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, | 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post-conviction relief.
 {¶ 12} Furthermore, the trial court noted that it had previously ruled on prior petitions to vacate sentence or for post-conviction relief pursuant to R.C. 2953.21 and 2953.23. As stated by the Supreme Court of Ohio in State v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The Perry court explained the doctrine as follows:
 Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.
Perry, 10 Ohio St.2d at 180. Thus, the principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally, Perry, 10 Ohio St.2d 175. Therefore, we agree with the trial court's decision to overrule Caudill's third petition for post-conviction relief.
 {¶ 13} For the reasons discussed above, all five assignments of error are overruled, and the judgment of the Common Pleas of Hancock County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and BRYANT, J., concur.