DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Matthew Harris, appeals the decision of the Lorain County Court of Common Pleas, which denied his petitions for postconviction relief. This Court affirms.
 I. {¶ 2} On November 17, 1999, a grand jury indicted appellant on one charge of rape, in violation of R.C. 2907.02(A)(1)(b). The case proceeded to trial and a jury found appellant guilty of rape. On September 5, 2000, the trial court sentenced appellant to nine years in prison and classified him as a sexual predator.
 {¶ 3} On May 15, 2003, appellant filed a motion for disclosure of testimony taken before the grand jury in his case. The trial court denied his motion on May 21, 2003. On May 27, 2003, appellant filed a motion demanding findings of fact and conclusions of law as to the trial court's denial of his motion for disclosure of grand jury testimony. The trial court denied this motion on June 6, 2003.
 {¶ 4} Appellant appealed the trial court's denial of both motions, setting forth two assignments of error for review. The assignments of error have been consolidated to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in denying appellant's motion for disclosure of testimony taken before the grand jury when the appellant demonstrated a particularized need to review the grand jury testimony of Brittany Mcpherson and Sherry Carson, without first holding an in camera inspection to determine the validity of the appellant's claimed particularized need."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in denying the appellant's demand for finding of facts and conclusions of law, as such denial deprives the appellant of the ability to contest the trial court's reasoning, and deprives the appellate court of the ability to test the trial court's reasoning for abuse of discretion and errors of law or fact."
 {¶ 5} In his first assignment of error, appellant argues the trial court erred in denying his motion for disclosure of testimony taken before the grand jury in his case. In his second assignment of error, appellant argues the trial court erred in denying his motion for findings of fact and conclusions of law. This Court disagrees.
 {¶ 6} This Court construes appellant's motions, which were filed several years after his conviction and sentence and rely on evidence outside the record, as petitions for postconviction relief. See State v.Meek, 9th Dist. No. 02CA008134, 2003-Ohio-1803, at ¶ 6. Such petitions are governed by R.C. 2953.21, which provides defendants with a mechanism to request relief from the trial court on the basis that their convictions are void or voidable on constitutional grounds. R.C.2953.21(A)(1). The statute sets forth certain time requirements for filing petitions for postconviction relief, and specifies that "if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Furthermore, R.C. 2953.23(A) provides, in pertinent part:
"[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"
 {¶ 7} In the instant case, appellant's postconviction relief petitions are untimely. Moreover, the criteria at R.C. 2953.23(A) have not been satisfied. Appellant has not demonstrated that he was "unavoidably prevented" from discovery of the facts upon which he must rely to present the claim for relief. R.C. 2953.23(A)(1)(a). Nor has appellant asserted that his claim was based on a new federal or state right recognized by the United States Supreme Court. R.C. 2953.23(A)(1)(b). Finally, appellant cannot demonstrate that "but for constitutional error at trial", no reasonable factfinder would have found him guilty of rape. R.C. 2953.23(A)(2).
 {¶ 8} This Court finds appellant failed to satisfy the criteria set forth at R.C. 2953.23(A) governing untimely and successive petitions for postconviction relief and, therefore, the trial court was without jurisdiction to consider the merits of appellant's petitions. Appellant is not entitled to findings of fact as the trial court did not have jurisdiction to consider the petition. This Court cannot find the trial court erred in denying appellant's postconviction relief petitions.
 III. {¶ 9} Accordingly, appellant's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J., concurs.
Baird, P.J., concurs in Judgment only.