DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Hazel Sanders, appeals from the order of the Summit County Court of Common Pleas, which denied appellant's petition for post conviction relief. This Court affirms.
 I. {¶ 2} Appellant was indicted on January 4, 1999 on one count of grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. The allegation was premised on appellant's failure to report her daughter's income to the Akron Metropolitan Housing Authority during annual recertifications for subsidized housing.
 {¶ 3} On July 8, 1999, appellant filed a motion for discovery, requesting in part:
"4. All evidence known, or which may become known, to the State, favorable to the defendant and material to either guilt or punishment."
 {¶ 4} On September 22, 1999, appellant filed a motion for continuance or dismissal, asserting that the State's file failed to provide certain information that appellant needed in order to present an adequate defense. Appellant further asserted that the assistant prosecutor informed appellant's counsel that counsel had to obtain such information directly from Sergeant James Phister of the Akron Police Department.[1] Appellant continued that, despite counsel's numerous attempts to contact and meet with Sergeant Phister, all such attempts had failed through no fault of counsel. The trial court continued the trial to allow the completion of discovery.
 {¶ 5} The matter proceeded to trial on November 4, 1999, and the jury found appellant guilty of grand theft. The trial court sentenced appellant to community control and ordered her to pay restitution. Appellant perfected a timely appeal with this Court, and this Court affirmed her conviction. State v. Sanders (Dec. 13, 2000), 9th Dist. No. 19916.
 {¶ 6} On October 28, 2004, appellant filed a petition for post conviction relief, pursuant to R.C. 2953.21. The State filed a memorandum in opposition to appellant's petition. The trial court denied appellant's petition for post conviction relief without hearing, finding that the petition was untimely filed and that appellant failed to satisfy the requirements for waiver of the time limitations enunciated in R.C. 2953.23(A). Appellant timely appeals, raising three assignments of error for review. The first and second assignments of error have been combined to facilitate review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSAL [sic] ERROR [sic] PETITIONER'S RIGHT UNDER THE 14TH AMENDMENT RIGHT OF DUE PROCESS. PETITIONER HAD [sic] UNFAIR TRIAL. PETITIONER RESPECTFULLY SUBMIT [sic] TO THE COURT THE FOLLOWING EXHIBITS FOR REVIEW: [sic]"
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S POST CONVICTION RELEASE [sic] (PCR) SAYING THAT PETITIONER HAD NOT SHOWN THAT SHE WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF INFORMATION ON WHICH SHE RELIED."
 {¶ 7} Appellant, in essence, argues that the trial court erred by denying her petition for post conviction relief, because appellant established that she was entitled to a time waiver of the limitations imposed by R.C. 2953.23(A).[2] This Court disagrees.
 {¶ 8} This Court may not disturb the trial court's decision to grant or deny a petition for post conviction relief absent an abuse of discretion. State v. Elkins, 9th Dist. No. 21380, 2003-Ohio-4522, at ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff (Mar. 19, 2003), 9th Dist. No. 20934, citing Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355.
 {¶ 9} R.C. 2953.21(A)(1) provides that any person convicted of a criminal offense may petition the trial court for relief from the judgment or sentence, where "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(2) provides that a petition for post conviction relief shall be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]"
 {¶ 10} The record indicates that appellant filed the trial transcript on April 14, 2000. Appellant's petition for post conviction relief was not filed until October 28, 2004, well beyond one hundred eighty days after April 14, 2000. The time limitation in R.C. 2953.21 is jurisdictional. Accordingly, the trial court lacked jurisdiction to consider appellant's petition, unless appellant demonstrated that she satisfied the requirements of R.C. 2953.23(A)(1). State v. Harris, 9th Dist. No. 03CA008305, 2003-Ohio-7180, at ¶ 8.
 {¶ 11} R.C. 2953.23(A)(1) provides that the trial court may not consider an untimely petition unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 12} Appellant does not claim that the United States Supreme Court recognized a new federal or state right, which may be applicable to this matter. The issue then is whether appellant was unavoidably prevented from discovery of the facts upon which she must rely to present her claim for relief.
 {¶ 13} Appellant asserted prior to her trial, and continues to assert, that she was prevented from reviewing all of the information possessed by AMHA in appellant's file. Appellant conceded, however, that Attorney Jeff James on her behalf was ultimately able to review the file, although Attorney James reported to appellant that the file was incomplete. On February 3, 1999, Attorney James faxed and mailed a letter to AMHA's General Counsel, requesting access to appellant's full file. By letter dated July 2, 2001, Thomas Marshall, Director of the Office of Public Housing, informed appellant that Attorney James had, in fact, been able to review appellant's entire AMHA file on February 10, 1999, well in advance of trial.
 {¶ 14} In addition, appellant asserts in her petition that she was informed by an AMHA worker in September 1998 that an independent auditing firm had randomly audited her file and that there was unprocessed paperwork in her file. Therefore, appellant had notice that there were irregularities in her AMHA file, and she could have called Shirley Hamilton, the AMHA worker, or a representative of the auditing firm to testify at her trial.
 {¶ 15} Appellant cites to numerous other alleged deficiencies in her AMHA file and alleged attempts by AMHA to prevent appellant's review of the entire file. Appellant's claims, however, all refer to instances prior to her trial. Although she submits the July 2, 2001 letter from Thomas Marshall; a May 3, 2002 email from Attorney Greg Sain[3] to appellant regarding discovery matters involving an AMHA administrative hearing; and the transcript from a February 7, 2002 informal hearing at AMHA, appellant submits no evidence of specific information which she was unavoidably prevented from discovering prior to her trial. She merely reiterates the concerns she raised through counsel prior to her trial that exculpatory information from her file was withheld by AMHA. Appellant vaguely references her daughter's pay stubs and income verification documents, which she claims were not in her file. Certainly, appellant could have attempted to prove at trial that she had submitted all necessary information to AMHA during annual recertifications of benefits. That the jury chose not to believe appellant's assertions that she reported all household income does not now support appellant's assertion that there must be additional evidence which she was unavoidably prevented from discovering prior to trial.
 {¶ 16} In addition, appellant alleges that her AMHA file was "purged." This allegation arises out of Attorney Sain's review of her file prior to the February 7, 2002 administrative hearing. Appellant presents no evidence that her file was purged prior to trial, rather than after the trial and before her subsequent administrative proceedings. In fact, appellant presents the July 2, 2001 letter from Thomas Marshall reporting that Attorney Jeff James, in fact, had the opportunity to review appellant's entire AMHA file on February 10, 1999.
 {¶ 17} Even if appellant was unable to obtain some information from her AMHA file prior to trial, she will not satisfy the first criteria without a showing that the information withheld is that upon which she "must rely to present the claim for relief." R.C. 2953.23(A)(1)(a). "By definition, facts upon which one `must rely' are material facts." State v. Spirko
(1998), 127 Ohio App.3d 421, 424. Evidence which may have been withheld is material to guilt only if the evidence could "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id. at 426-27, citing Kyles v. Whitley (1995), 514 U.S. 419, 131 L.Ed.2d 490.
 {¶ 18} The newly disclosed evidence consists of the February 7, 2002 testimony of June Davidson, public housing manager for AMHA Scattered Sites, that there was no income verification regarding appellant's daughter's income in the file. Ms. Davidson testified, however, that the absence of such verification could have been caused by AMHA's lack of receipt of the verification, rather than AMHA's failure to send out the income verification form. She continued that AMHA procedural safeguards had been modified over the years, so that AMHA now places copies of requests it has sent in the file as evidence that the request has been made.
 {¶ 19} After construing this newly discovered evidence in a light most favorable to appellant, this Court maintains confidence in the underlying verdict. Appellant asserts that there is additional evidence, previously undiscoverable to her, which would prove that she did not fail to report all household income. Appellant was aware prior to trial, however, that an independent auditing firm found deficiencies in her AMHA file and that an AMHA employee was aware of that. She had an opportunity to raise any deficiencies in AMHA's bookkeeping at trial. Appellant fails to point to any specific information which may have been absent from her file at the time of trial, which would cast doubt on the jury's verdict. Appellant had her opportunity to rebut at trial the State's evidence that she had failed to report all household income. She further had the opportunity to rebut the State's evidence of the validity of AMHA's recordkeeping. Under these circumstances, appellant has failed to demonstrate that the trial court abused its discretion when it found that appellant had not shown that she was unavoidably prevented from discovery of the information on which she relies to present her claim.
 {¶ 20} Appellant further claims a constitutional violation, specifically that she was denied her right of due process, because the State withheld exculpatory information at trial. This Court disagrees.
 {¶ 21} Appellant merely makes the bare unsubstantiated allegation that the State withheld evidence. However, she argues in her petition that it was AMHA, which failed to allow her access to her AMHA file. The assistant prosecutor merely directed her to AMHA for documentation, which the State did not possess. Appellant continues, however, that AMHA ultimately allowed Attorney Jeff James to view her file. Upon Attorney James' assertion on February 3, 1999, that the file was incomplete, he had the opportunity to review the entire file on February 10, 1999. Thomas Marshall, Director of Public Housing, verified that appellant's attorney reviewed the entire file on that date.
 {¶ 22} In addition, appellant argues that Sergeant Phister of the Akron Police Department would not meet with her counsel regarding his investigation for AMHA. The assistant prosecutor informed appellant that the work sheets prepared by Sergeant Phister would also be in the AMHA file. Appellant makes no allegation that Sergeant Phister precluded her access or had the authority to preclude her access to AMHA files. Absent a showing of bad faith on Sergeant Phister's part, the State's failure to maintain "potentially useful evidence does not constitute a denial of due process of law." State v. Clark (June 20, 1991), 8th Dist. No. 58866. This Court can further find no authority for the proposition that appellant was denied due process of law on the basis of the complaining witness' alleged withholding of information, especially where there is evidence to establish that appellant's counsel had the opportunity to review appellant's entire AMHA file on September 10, 1999, after a September 3, 1999 complaint that the file was incomplete. Under these circumstances, this Court finds that the trial court did not abuse its discretion when it found that appellant had not shown by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found appellant guilty of the offense of grand theft.
 {¶ 23} Appellant has failed to establish that she was unavoidably prevented from discovery of the facts upon which she must rely to present her claim for relief or that, but for constitutional error at trial, no reasonable factfinder would have found her guilty of grand theft. Accordingly, appellant has failed to establish that the trial court had jurisdiction to consider her untimely petition for post conviction relief pursuant to R.C. 2953.23(A)(1). Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT'S VERDICT FINDING APPELLANT GUILTY OF GRAND THEFT IS AGAINST THE MANIFEST [WEIGHT] OF THE EVIDENCE, BEING UNSUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE."[4]
 {¶ 24} Appellant argues that her conviction for grand theft is against the manifest weight of the evidence. This Court disagrees.
 {¶ 25} Appellant timely appealed her conviction, assigning as error that the trial court's verdict was against the weight of the evidence and that the trial court erred by failing to grant appellant's Crim.R. 29 motion for acquittal. This Court overruled appellant's assignments of error and affirmed her conviction for grand theft. State v. Sanders (Dec. 13, 2000), 9th Dist. No. 19916. The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. Zhao at ¶ 7, citingState v. Meek, 9th Dist. No. 03CA008315, 2004-Ohio-1981. The issues raised in appellant's third assignment of error were raised and disposed in appellant's direct appeal from her conviction. Accordingly, she is prevented by the doctrine of res judicata from raising the same issues in this appeal. Appellant's third assignment of error is overruled.
 III. {¶ 26} Appellant's assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Batchelder, J., Moore, J., concur.
[1] Appellant's prior counsel sent a letter, dated February 3, 1999, to the General Counsel of AMHA, stating that the assistant prosecutor had informed him that he must seek Social Security and HUD income reports, along with the worksheets prepared by Sergeant Phister of the Akron Police Department, from files retained by AMHA.
[2] Appellant argues extensively in her first assignment of error that the trial court erred when it did not permit her to offer into evidence at trial AMHA documents, which appellant alleged were forgeries. Appellant raised this same issue on direct appeal of her conviction, and this Court overruled that assignment of error, finding that the trial court did not abuse its discretion when it excluded appellant's proposed exhibit from evidence. State v. Sanders (Dec. 13, 2000), 9th Dist. No. 19916. Therefore, this Court does not further address appellant's argument regarding the alleged forged AMHA documents, as the argument is barred by the doctrine of res judicata. See, Statev. Zhao, 9th Dist. No. 03CA008386, 2004-Ohio-3245, at ¶ 7.
[3] Attorney Sain represented appellant in regards to administrative proceedings before an AMHA hearing officer. Attorney Sain was not involved in appellant's criminal case.
[4] In her brief, appellant sets forth a second "Assignment of Error No. 3," to wit: "The Trial Court erred by failing or refusing to grant Defendant/Appellant's rule 29 motion where the weight and sufficiency of the evidence did not support submitting said case to the jury and said conviction was against the manifest weight of the evidence." Because appellant raises a manifest weight challenge in both assignments of error and this Court's disposition of the above-referenced assignment of error disposes of appellant's alternative assignment of error, this Court does not separately analyze the alternative assignment of error.