OPINION
{¶ 1} Defendant-appellant, Timothy Caldwell (hereinafter "Caldwell"), appeals the May 2, 2005 judgment of the Common Pleas Court of Paulding County, Ohio, denying his petition for post-conviction relief.
 {¶ 2} On December 11, 2004, Caldwell pleaded "no contest" to two counts of trafficking in drugs: one count a violation of R.C.2925.03(A)(1)(C)(3)(c), a felony of the third degree, and one count a violation of R.C. 2925.03(A)(1)(C)(3)(a)(b), a felony of the fourth degree. The trial court found Caldwell "guilty" on both counts.
 {¶ 3} On February 6, 2004, the trial court sentenced Caldwell to a three-year term of imprisonment on the first count and a one-year term of imprisonment on the second count. The trial court further ordered that the sentences be served concurrently.
 {¶ 4} On April 28, 2005, Caldwell filed a motion captioned "Motion to Vacate Sentence That Is Contrary to Law Statute" with the trial court. On May 2, 2005, the trial court summarily denied the motion.
 {¶ 5} It is from this decision that Caldwell appeals, setting forth two assignments of error for our review. Although Caldwell has phrased his first two arguments as separate assignments of error, we consider them together for purposes of clarity and brevity.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred to the prejudice of appellant when it denied hismotion to vacate his sentence that is contrary to law and statute withoutproviding findings of fact and conclusions of law pursuant to CriminalRule 12 violating appellants [sic] right to due process of law under theFourteenth Amendment to the United States Constitution and Article I § 10 16 of the Ohio Constitution.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred to the prejudice of appellant when it denied hismotion to vacate his sentence that was contrary to law and statute due tothe fact that such sentence is in violation of his right to due processof law under the Fourteenth Amendment to the United States Constitutionand Article I § 10 16 of the Ohio Constitution.
 {¶ 6} In his first assignment of error, Caldwell contends that the trial court erred by denying his motion without rendering findings of fact and conclusions of law.[1] Additionally, Caldwell argues in his second assignment of error that the trial court did not make the findings necessary under R.C. 2929.14(B) to impose a sentence beyond the statutory minimum. For the reasons that follow, we find Caldwell's assignments of error unavailing.
 {¶ 7} Generally, there are two avenues through which a defendant may challenge a judgment of conviction or sentence. First, a defendant may file a direct appeal within thirty days of the judgment entry of conviction or sentencing. See App.R. 4(A). Second, a defendant may file a petition for post-conviction relief pursuant to R.C. 2953.21.
 {¶ 8} Caldwell filed a motion captioned "Motion to Vacate Sentence That Is Contrary to Law Statute." However, there is no statutory or procedural rule authorizing such a motion.
 {¶ 9} Nevertheless, a vaguely titled motion to correct or vacate a sentence may be construed as a petition for post-conviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asked for a vacation of the judgment and sentence. See State v. Reynolds (1997),79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131. Accordingly, we find Caldwell's motion is, in substance, a petition for post-conviction relief brought pursuant to R.C. 2953.21.
 {¶ 10} R.C. 2953.21 sets forth time limits in which a petition for post-conviction relief may be brought. If no direct appeal is taken on the underlying action, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). A trial court may hear a petition for post-conviction relief that is filed beyond the time limits set forth in R.C. 2953.21(A)(2) only if the statutory exceptions set forth in R.C. 2953.23(A) apply.
 {¶ 11} The record reveals that Caldwell did not file a direct appeal from the trial court's February 6, 2004 judgment entry before the March 8, 2004 expiration of the time for filing such an appeal. More importantly, Caldwell did not file the instant petition for post-conviction relief until April 18, 2005. Consequently, Caldwell filed his petition more than "one hundred eighty days after the expiration of the time for filing his direct appeal," i.e., more than one hundred eighty days after March 8, 2004. Moreover, neither of the exceptions set forth in R.C. 2953.23(A) are applicable. We must, therefore, conclude that Caldwell's petition for post-conviction relief is untimely under R.C. 2953.21(A)(2), and that the trial court did not err in denying it.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] Caldwell relies on Rule 12(F) of the Ohio Rules of Criminal Procedure for the proposition that the trial court was required to render findings of fact and conclusions of law in dismissing his motion. Although not dispositive given the untimeliness of Caldwell's filing, we note Criminal Rule 12(F) relates only to pre-trial motions and not the type of post-conviction proceedings considered herein.