OPINION
{¶ 1} The defendant-appellant, Tony Cochran ("Tony"), appeals the February 16, 2006 Journal Entry denying his motion to vacate or set aside sentence entered in the Court of Common Pleas of Auglaize County, Ohio.
 {¶ 2} On or about June 18, 2003, Tony sold a quantity of heroin within the vicinity of a school to a confidential informant for the St. Marys Police Department. Subsequently, on June 20, 2003, Tony along with a co-defendant sold a purported six ounces of cocaine and one-quarter ounce of heroin to the confidential informant within the vicinity of a school. Upon completion of the transaction, officers of the St. Marys Police Department arrested Tony after he had fled from the scene. The officers subsequently recovered the items sold and a portion of the "buy" money.
 {¶ 3} On June 26, 2003, Tony was indicted by the Auglaize County Grand Jury on Count 1: trafficking in heroin, a felony of the fourth degree; Count 2: trafficking in heroin, a felony of the second degree; and Count 3: trafficking in cocaine, a felony of the first degree. On July 10, 2003, Tony entered written pleas of not guilty. On August 6, 2003, Tony pled guilty and was found guilty to Count 1: trafficking in heroin, a felony of the fourth degree and Count 2: trafficking in heroin, a felony of the second degree. On September 30, 2003, a sentencing hearing was held and was journalized on October 1, 2003. Tony was sentenced to seventeen months as to Count 1 and seven years as to Count 2 in the Ohio Department of Rehabilitation and Corrections, to be served concurrently. No direct appeal of the conviction or sentence was taken by Tony.
 {¶ 4} On February 6, 2006, Tony filed a motion to vacate and set aside sentence pursuant to R.C. 2953.21. On February 16, 2006, the trial court denied Tony's motion as untimely. On March 9, 2006, Tony filed his notice of appeal raising the following assignments of error:
 First Assignment of Error TRIAL COURT ERRED WHEN JUDGE FAILED TO PERSONALLY ADDRESSDEFENDANT, TO DETERMINE PLEA IS BEING VOLUNTARILY, OR IFDEFENDANT'S PLEA IS COERCED.
 Second Assignment of Error THE TRIAL COURT ERRED IN VIOLATION OF STATUTORY REQUIREMENTSTO IMPOSE MORE THAN THE MINIMUM SENTENCE ON FIRST TERM INPRISON.
 Third Assignment of Error TRIAL COURT ERRED IN FAILURE TO ISSUE FINDINGS AND CONCLUSIONSOF LAW.
 {¶ 5} Initially, we will address the nature of the appeal because Tony appealed from the February 16, 2006 Journal Entry denying his motion to vacate and set aside his sentence pursuant to R.C. 2953.21. We note on the outset that the trial court properly found that Defendant's motion was not timely filed. Pursuant to R.C. 2953.21(A)(2),
Except as otherwise provided in section 2953.23 of the RevisedCode, a petition under division (A)(1) of this section shall befiled no later than one hundred eighty days after the date onwhich the trial transcript is filed in the court of appeals inthe direct appeal of the judgment of conviction or adjudication* * *. If no appeal is taken, except as otherwise provided insection 2953.23 of the Revised Code, the petition shall be filedno later than one hundred eighty days after the expiration of thetime for filing the appeal.
 {¶ 6} In this case, Tony was convicted and sentenced by the trial court in its Journal Entry on October 1, 2003. The record reflects that Tony never filed a direct appeal of his conviction or sentence. Pursuant to R.C. 2953.21, Tony had to file a petition for post conviction relief within 180 days after the expiration of the time for filing the appeal. Therefore, Tony's petition for post conviction relief had to be filed on or before April 28, 2004 to be timely. However, Tony did not file his petition for post conviction relief until February 6, 2006 which is nearly 2 years after the statutory date to file such an action. Accordingly, the trial court lacked jurisdiction to consider Tony's petition because it was untimely. R.C.2953.21(A)(2); see State v. Sanders, 9th Dist. No. 22457,2005-Ohio-4267, at ¶ 10. On this basis the assignments of error are overruled and the judgment of the trial court is affirmed.
 {¶ 7} However, we note that on principles of res judicata (see State v. Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304;State v. Nemchick (2000), Lorain App. No. 98CA007279), Loc.R. 5(A) of the Third District Court of Appeals (failure to obtain transcripts), State v. Foster, and State ex rel Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042 ("[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition"), this Court would be required to overrule all of the assignments of error on the merits in any event.
 {¶ 8} Accordingly, Tony's assignments of error are overruled and the February 16, 2006 Judgment by the Court of Common Pleas of Auglaize County, Ohio, denying Tony's motion to vacate or set aside sentence, is affirmed.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.