OPINION
{¶ 1} The defendant-appellant, Vernon C. Leugers, Jr. ("Leugers"), appeals the April 21, 2006 Judgment entered in the Court of Common Pleas of Allen County, Ohio denying the petition for post-conviction relief.
 {¶ 2} On January 15, 2004, Leugers was indicted by the Allen County Grand Jury on ten counts. The indictment charged him with one count of rape, one count of gross sexual imposition, one count of unlawful sexual conduct with a minor, one count of disseminating matter harmful to juveniles, and six counts of pandering sexually oriented matter involving a minor. On April 15, 2004, a second indictment was returned against Leugers, charging him with six additional counts of pandering sexually oriented matter involving a minor.
 {¶ 3} On August 11, 2004, Leugers entered into a negotiated plea arrangement. He pled guilty to three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree; one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1), a felony of the fifth degree; and one count of attempted pandering of sexually oriented matter involving a minor, in violation of R.C. 2923.02
and 2907.322(A)(6), a felony of the third degree. In exchange, the State dismissed all other charges pending against Leugers.
 {¶ 4} On October 7, 2004, a sentencing hearing was held. Leugers was sentenced to three years in prison on each of the four felonies of the third degree of which he had been convicted and eleven months in prison on the fifth degree felony conviction. The trial court ordered that all sentences be served consecutively for a total term of twelve years and eleven months.
 {¶ 5} On November 5, 2004, Leugers filed a notice of appeal with this Court in Case No. 1-04-85. On March 21, 2005, this Court affirmed the judgment of the trial court. On April 1, 2005, Leugers filed a motion to reconsider to this Court. The motion was denied by entry dated April 28, 2005. On May 31, 2005, he filed an application to reopen his direct appeal pursuant to App.R. 26(B). The application was denied by this Court on July 27, 2005. On May 27, 2005, he filed a notice of appeal to the Supreme Court of Ohio and a motion for delayed appeal. The motion and cause was dismissed on July 13, 2005 by the Supreme Court of Ohio.
 {¶ 6} On August 15, 2005, Leugers filed a pro se motion to withdraw his guilty plea. Counsel was subsequently appointed and a hearing was set for November 3, 2005. Prior to the beginning of the hearing, the State orally moved to dismiss Leugers' motion on the basis that his motion was barred by res judicata. Leugers was granted leave to file a brief opposing the State's motion. On November 29, 2005, the trial court issued a judgment entry granting the State's motion and dismissing Leugers' motion to withdraw his guilty plea without a hearing. Leugers appealed the trial court's decision to this Court in Case No. 01-05-90. This case is still pending before this Court.
 {¶ 7} On April 21, 2006, Leugers filed a petition for post-conviction relief. On April 21, 2006, the trial court filed a judgment entry denying his petition as untimely. On May 19, 2006, Leugers filed his notice of appeal regarding the trial court's denial of the post-conviction petition and raises the following assignments of error:
 Assignment of Error I THE TRIAL COURT ERRED DISMISSING APPELLANT'S POSTCONVICTIONMOTION BASED UPON THE TIMELINESS OF THE MOTION.
 Assignment of Error II THE TRIAL COURT ERRED DISMISSING APPELLANT'S POSTCONVICTIONMOTION WHERE APPELLANT'S MOTION CONTAINED SUBSTANTIAL MERIT.
 Assignment of Error III THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT STATING THEFACTS AND CONCLUSIONS OF LAW WHEN IT DENIED APPELLANT'S MOTION.
 {¶ 8} Leugers argues in his three assignments of error, which we shall address together, that the trial court erred in denying his post-conviction petition without a hearing.
 {¶ 9} Initially, we will address the nature of the appeal because Leugers appealed from the April 21, 2006 judgment denying his motion to vacate and set aside his sentence pursuant to R.C.2953.23. We note on the outset that the trial court properly found that Defendant's motion was not timely filed. Pursuant to R.C. 2953.21(A)(2),
Except as otherwise provided in section 2953.23 of the RevisedCode, a petition under division (A)(1) of this section shall befiled no later than one hundred eighty days after the date onwhich the trial transcript is filed in the court of appeals inthe direct appeal of the judgment of conviction or adjudication* * *. If no appeal is taken, except as otherwise providedin section 2953.23 of the Revised Code, the petition shall be filedno later than one hundred eighty days after the expiration of thetime for filing the appeal.
 {¶ 10} In this case, Leugers was convicted and sentenced by the trial court in its Journal Entry on October 7, 2004. The record reflects that Leugers filed a notice of appeal of his conviction and sentence on November 5, 2004. On November 22, 2004, the transcript and record for his direct appeal were filed with this Court in State v. Leugers, 3rd Dist. No. 1-04-85. On March 21, 2005, this Court affirmed the judgment of the trial court. Pursuant to R.C. 2953.21, Leugers had to file a petition for post conviction relief within 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal of the judgment of conviction or adjudication. However, Leugers did not file his petition for post conviction relief until April 21, 2006 which is approximately eleven months after the statutory date to file such an action. Accordingly, the trial court lacked jurisdiction to consider Leugers' petition because it was untimely. R.C. 2953.21(A)(2); see State v.Cochran, 3rd Dist. No. 02-06-07, 2006-Ohio 5638, at ¶ 5-6;State v. Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, at ¶ 10. Furthermore, the Ohio Supreme Court held in State ex relKimbrough v. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 11} On this basis, Leugers' assignments of error are overruled and the April 21, 2006 Judgment entered in the Court of Common Pleas of Allen County, Ohio denying his petition for post-conviction relief is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.