OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. The defendant-appellant, Mitchell Hudson ("Hudson") appeals the July 6, 2006 Judgment entered in the Court of Common Pleas of Shelby County, Ohio denying a petition for post-conviction relief.
 {¶ 2} On June 26, 1997, Hudson was indicted by the Shelby County Grand Jury on fourteen counts of trafficking in drugs. On August 27, 1997, he pled guilty to seven counts of Trafficking in Drugs, in violation of R.C. 2925.03, felonies of the fourth degree. On October 14, 1997, he was sentenced to seventeen months on each of the seven counts with the sentences to be served consecutively. On November 7, 1997, he filed a notice of appeal with this Court. This Court affirmed the conviction and sentence of Hudson on May 29, 1998, in State v. Hudson,
3rd Dist. Nos. 17-97-24 and 17-97-28.
 {¶ 3} On November 19, 2002, Hudson was granted judicial release and placed on community control. On October 1, 2003, upon a community control violation, the trial court imposed the balance of his original sentence of one hundred and nineteen months and ordered Hudson to return to prison.
 {¶ 4} On July 8, 2004, Hudson filed a petition for post-conviction relief. On August 18, 2005, the trial court filed a judgment denying his petition. No appeal was taken from that denial. On April 28, 2006, Hudson filed a subsequent petition for post-conviction relief. That petition was dismissed by the Shelby County Common Pleas Court on July 6, 2006, for want of jurisdiction. On July 28, 2006, Hudson filed his notice of appeal regarding the trial court's denial of the post-conviction petition and raises the following assignments of error:
 Assignment of Error I DEFENDANT WAS DENIED DUE PROCESS OF LAW, AS GUARANTEED BY FOURTHTEENTH (sic) AMENDMENT, WHEN THE TRIAL COURT DENIED HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT CAUSE OR REASON.
 Assignment of Error II DEFENDANT WAS SENTENCED IN AN UNCONSTITUTIONAL SYSTEM IN WHICH (sic) A JUDGE, NOT A JURY FOUND SENTENCE ENHANCING FACTS.
 Assignment of Error III IMPOSITION OF MORE THAN THE MINIMUM SENTENCE ON DEFENDANT, A FIRST TIME OFFENDER, BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED TO BY THE DEFENDANT VIOLATED HIS RIGHT AS GUARANTEED BY THE SIXTH AMENDMENT.
 Assignment of Error IV IMPOSITION OF CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY THE DEFENDANT, VIOLATED HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT.
 {¶ 5} Hudson argues in his four assignments of error, which we shall address together, that the trial court erred in denying his post-conviction petition without a cause or reason.
 {¶ 6} Initially, we will address the nature of the appeal because Hudson appealed from the July 6, 2006 judgment denying his motion for post-conviction relief as untimely. The trial court also ruled that it was without jurisdiction to consider his petition because the plain language of R.C. 2953.23 applies only to trial errors and not sentencing errors, except in capital cases. We note on the outset that the trial court properly found that Hudson's motion was not timely filed.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2),
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 8} In this case, Hudson was convicted and sentenced by the trial court in its Judgment Entry on October 16, 1997. The record reflects that Hudson filed a notice of appeal of his conviction and sentence on November 7, 1997. On May 29, 1998, this Court affirmed the judgment of the trial court. Pursuant to R.C. 2953.21, Hudson had to file a petition for post conviction relief within 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal of the judgment of conviction or adjudication. Therefore, Hudson should have filed a petition for post conviction relief on or about June 14, 1998. However, Hudson did not file his first petition for post conviction relief until July 8, 2004 which is approximately six years after the statutory date to file such an action. Furthermore, he did not file the particular petition for post conviction relief at issue in this case until April 28, 2006 which is over seven and a half years after the statutory date to file such an action. Accordingly, the trial court lacked jurisdiction to consider Hudson's petition because it was untimely. R.C. 2953.21(A)(2); see State v. Cochran, 3rd
Dist. No. 2-06-07, 2006-Ohio-5638, at ¶ 5-6; State v. Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, at ¶ 10. Furthermore, the Ohio Supreme Court held in State ex rel Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 9} On this basis, Hudson's assignments of error are overruled and the July 6, 2006 Judgment entered in the Court of Common Pleas of Shelby County, Ohio denying his petition for post-conviction relief is affirmed.
Judgment affirmed.
 ROGERS and WALTERS, J., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)