OPINION *Page 2 
{¶ 1} Defendant-Appellant Steven R. Mayer ("Mayer") appeals from the July 28, 2006 Judgment Entry of the Court of Common Pleas of Mercer County, Ohio denying Mayer's motion to vacate sentence.
 {¶ 2} On July 15, 2003 Meyer was indicted by the Mercer County Grand Jury on two counts of Aggravated Robbery, felonies of the first degree in violation of R.C. 2911.01(A)(1), seven counts of Theft, felonies of the third degree in violation of R.C. 2913.02(A)(1), two counts of Possession of Drugs with Major Drug Offender specifications, felonies of the first degree in violation of R.C. 2925.11(A) and (C)(1)(e), and five counts of Possession of Drugs, felonies of the second degree in violation of R.C. 2925.11(A) and (C)(1)(c).
 {¶ 3} At his arraignment on July 22, 2003 Mayer entered a plea of not guilty to the charges contained in the indictment. On August 27, 2003 Mayer waived his right to a speedy trial and on September 4, 2003 he executed a waiver of constitutional rights and a negotiated plea agreement. Mayer pled guilty to both Aggravated Robbery offenses (as set forth in counts one and ten of the indictment), two Theft offenses (as set forth in counts two and eleven of the indictment), and the two Possession of Drugs offenses with a Major Drug Offender specification (as set forth in counts six and fourteen of the indictment). The remaining charges were dismissed by the State. *Page 3 
 {¶ 4} At the sentencing hearing on September 29, 2003 the trial court sentenced Mayer to five years in prison for the Aggravated Robbery charges, two years in prison for the Theft offenses, and two years in prison for the Possession of Drugs offenses, with two additional ten year mandatory terms for the Major Drug Offender specifications.
 {¶ 5} The two year prison terms for the Theft and Possession of Drugs Offenses were imposed concurrently to each other but consecutively to the Aggravated Robbery sentences. The court also ordered the five year prison terms for the Aggravated Robberies to be served consecutively to each other and to the mandatory ten year terms for the Major Drug Offender specifications, which were also to be served consecutively.
 {¶ 6} A direct appeal was not filed from the trial court's October 1, 2003 Judgment Entry of Sentencing. On May 23, 2006 Mayer filed a motion to vacate sentence based upon the Ohio Supreme Court decision ofState v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856. The trial court did not conduct a hearing on this motion, and in its July 28, 2006 Judgment Entry, overruled Mayer's motion to vacate sentence.
 {¶ 7} Mayer now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT VACATING THE APPELLANT'S SENTENCE. *Page 4 
 {¶ 8} Prior to addressing Mayer's assignment of error, we must first address the nature of this appeal. Generally, there are two avenues through which a defendant may challenge a judgment of conviction or sentence. State v. Caldwell, 3rd Dist. No. 11-05-07,2005-Ohio-5375. First, a defendant may file a direct appeal within 30 days of the judgment entry of conviction or sentencing. See App.R. 4(A). Second, a defendant may file a petition for post-conviction relief pursuant to R.C. 2953.21.
 {¶ 9} On May 23, 2006 Mayer filed a "motion to vacate sentence." However, there is no statutory or procedural rule authorizing such a motion. Caldwell at ¶ 8. Accordingly, we find that Mayer's motion is, in substance, a petition for post-conviction relief brought pursuant to R.C. 2953.21.
 {¶ 10} Pursuant to R.C. 2953.21(A)(2),
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eight days after the expiration of the time for filing the appeal.
 {¶ 11} In this case, Mayer was convicted and sentenced by the trial court in its October 1, 2003 Judgment Entry of Sentencing. The record reflects that Mayer never filed a direct appeal of his conviction or sentence pursuant to App.R. 4(A). *Page 5 
Pursuant to R.C. 2953.21, Mayer had to file a petition for post conviction relief within 180 days after the expiration of the time for filing the appeal to be timely. However, the record reflects that Mayer did not file his motion to vacate sentence until May 23, 2006, which is two and one half years after the statutory date to file such an action. Accordingly, the trial court lacked jurisdiction to consider Mayer's petition because it was untimely. R.C. 2953.21(A)(2); see State v.Cochran, 3rd Dist. No. 02-06-07, 2006-Ohio-5638;State v. Sanders, 9th Dist. No. 22457, 2005-Ohio-4267
at ¶ 10.
 {¶ 12} However, we note that the trial court's July 28, 2006 Judgment Entry is silent as to whether Mayer's motion to vacate was timely filed pursuant to R.C. 2953.21(A)(2). All reasonable presumptions consistent with the record will be indulged in favor of the judgment under review.Fletcher v. Fletcher (1984), 68 Ohio St.3d 464, 468, 628 N.E.2d 1343. A reviewing court will presume the validity of a judgment as long as there is evidence in the record to support it. Id. In the present case there is evidence in the record to support that Mayer's motion to vacate was untimely filed and therefore the trial court lacked jurisdiction to consider Mayer's motion. R.C.2953.21(A)(2); see State v. Gilliam
4th Dist. No. 04CA13, 2005-Ohio-2470. Therefore, we may presume that this fact was, at least in part, a basis for the trial court's decision to overrule Mayer's motion. *Page 6 
 {¶ 13} Although Mayer's motion to vacate sentence was untimely pursuant to R.C. 2953.21(A)(2), in the interest of justice we shall address whether the Foster decision affords any relief in this case notwithstanding the statutory time limits. In his sole assignment of error, Mayer contends that the trial court erred in denying his motion to vacate sentence in light of the recent Ohio Supreme Court decision ofState v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 14} In Foster, the Supreme Court of Ohio addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework are unconstitutional and void. However, inFoster, the Supreme Court of Ohio restricted retroactive application of its holding to cases on direct review.
 {¶ 15} The present case is based upon Mayer's appeal from a denial of his motion to vacate sentence, not a direct appeal of his original sentence. We note that the trial court determined that the holding ofFoster was not applicable to the present case and stated in its July 28, 2006 Judgment Entry as follows:
 "This case was not one of the cases dealt with in Foster. In addition, it was not pending on direct review at the time that the Foster decision was issued. . . Foster specifically limited its requirement that cases be remanded to trial courts for new sentencing hearings not inconsistent with that opinion, and any other cases then pending on direct review. This case was not one of the Foster cases and was not pending on direct review."
 {¶ 16} Upon review of the record, we agree with the trial court's statement in its July 28, 2006 Judgment Entry. *Page 7 
 {¶ 17} Accordingly, Mayer's sole assignment of error is overruled and the July 28, 2006 Judgment Entry of the Mercer County Court of Common Pleas, denying Mayer's motion to vacate sentence is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1