[Cite as *State v. Harris*, 2011-Ohio-6196.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 09CA009689 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW HARRIS | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 99CR054795 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2011

---

CARR, Presiding Judge.

{¶1} Appellant, Matthew Harris, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms, in part, and vacates, in part.

I.

{¶2} On November 17, 1999, the Lorain County Grand Jury indicted Harris on one count of rape in violation of R.C. 2907.02(A)(1)(b). The case proceeded to trial and a jury found Harris guilty of rape. On September 5, 2000, Harris was sentenced to nine years in prison and classified as a sexual predator. Harris filed a direct appeal to this Court and his conviction and sentence were affirmed. *State v. Harris* (Aug. 1, 2001), 9th Dist. No. 00CA007691 ("*Harris I*").

{¶3} Following his direct appeal, Harris filed a motion in the trial court for disclosure of testimony taken before the grand jury. When the trial court denied his motion, Harris filed a motion demanding findings of fact and conclusions of law as to the trial court's denial of the motion for disclosure of grand jury testimony. This motion was also denied. On appeal, the

denials of both motions were affirmed by this Court. *State v. Harris*, 9th Dist. No. 03CA008305, 2003-Ohio-7180 ("*Harris II*"). Harris subsequently filed a variety of motions in the trial court, including a motion to correct his sentence on the basis that he should have been given the statutory minimum prison sentence, as well as a petition for post-conviction relief. These motions were denied by the trial court. On February 16, 2007, Harris filed a motion seeking to vacate his sexual predator classification. The trial court denied the motion on February 22, 2007. The denial of Harris's motion was affirmed by this Court. *State v. Harris*, 9th Dist. No. 07CA009130, 2007-Ohio-4915 ("*Harris III*").

{¶4} On May 13, 2009, the trial court issued a journal entry directing the Sheriff to return Harris to the courthouse for resentencing due to an error in his post-release control notification. The trial court held a resentencing hearing on Friday, August 24, 2009. At the hearing, the State stated on the record that Harris was "due to be released on Wednesday." The trial court then sentenced Harris to a term of eight years of incarceration and notified him that he would be placed under post-release control for a period of five years. On the same day as the sentencing hearing, the trial court's sentencing entry was journalized. Also on August 24, 2009, the trial court issued an order stating, "Credit for time served awarded. Defendant ordered released forthwith."

{¶5} Harris filed a notice of appeal on October 5, 2009. On appeal, he raises one assignment of error.

II.

<u>**ASSIGNMENT OF ERROR**</u>

"THE COURT ERRED WHEN IT REQUIRED DEFENDANT TO REPAY COURT APPOINTED ATTORNEY FEES WITHOUT A FINDING THAT DEFENDANT WAS ABLE TO DO SO."

{¶6} In his sole assignment of error, Harris argues that the trial court erred when it required him to repay court appointed attorney fees without making a finding that he was able to do so.

{¶7} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶8} As noted above, Harris filed a direct appeal in 2000. This Court affirmed the trial court's judgment in *Harris I*. In the following years, Harris challenged his conviction and sentence by frequently filing motions in the trial court and appeals to this Court. On May 13, 2009, the trial court ordered Harris to be returned to the courthouse for resentencing due to an error in post-release control notification. The trial court conducted a resentencing hearing on August 24, 2009, and issued a new sentencing entry. Harris received a prison sentence of eight years, which was one year shorter than the prison sentence he received at his original sentencing hearing, and he was notified that he would be subject to a five-year term of post-release control. In accordance with *Fischer*, the scope of the new sentencing hearing to which Harris was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the

syllabus. Likewise, the scope of Harris's appeal from that hearing is limited solely to issues relating to the imposition of post-release control. Id. at paragraph four of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Harris at the August 24, 2009 hearing. As the lawful portion of Harris's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Harris at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Harris, its judgment in that respect is vacated.

III.

{¶9} The judgment of the Lorain County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Harris. The trial court's decision to notify Harris that he is subject to a mandatory five-year term of post-release control is affirmed. The remainder of Harris's original sentence remains in place.

Judgment affirmed, in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

ERIN A. DOWNS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.